# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PATRINA DRANE, | : | Case No. 3:24-cv-00202 |
| Petitioner, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| SHERIFF ROB STRECK, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus for a Non-Capital Offense Reason Ineffectiv[e]ness [sic] Assistance of Counsel prepared by Janitra Brown and Olakwesu Y. Elbey for petitioner Patrina Drane, who is currently incarcerated as a pretrial detainee at the Montgomery County Jail. (Doc. 1, at PageID 1-2). Given Drane's pretrial status, the Court understands the petition to be filed under 28 U.S.C. § 2241. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (noting that pretrial detainees must travel down the § 2241 path).

For the reasons below, the undersigned Magistrate Judge **RECOMMENDS** that the petition be **DISMISSED without prejudice** for failure to prosecute and failure to exhaust.

## BACKGROUND

On July 29, 2024, the Court entered a Deficiency Order that required petitioner to address certain preliminary matters. (Doc. 3). The Court noted that Drane, who is the petitioner, had not signed the petition as required by Rule 11 of the Federal Rules of Civil Procedure. (*See* Doc. 1 at PageID 8; *see also* Doc. 3 at 17). Nor was it established that either Brown, who identified herself as petitioner's daughter and submitted a power of attorney, or Elbey, who identified himself as "assisting with th[e] application," was either a licensed attorney or met the requirements for

"next friend" standing under 28 U.S.C. § 2242. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (stating that the "putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990)). The Court also noted that the petition did not provide sufficient information regarding the status of the charges pending against Drane or the court in which the proceedings against Drane had occurred. (Doc. 3, at PageID 17).

The Court therefore directed the Clerk of Court to return the petition to Drane at the Montgomery County Jail in order for her to sign and return it to the Court within thirty days should she want to proceed with this action. (Doc. 3). The Court also ordered Drane to file a written response describing the status of the charges against her and the court in which such proceedings had occurred. (*Id.*) Drane was advised that a failure to respond to the Court's Order could result in this action being dismissed for want of prosecution. (*Id.*)

On August 29, 2024, Brown and Elbey filed a "Supplemented Petition for Writ of Habeas Corpus for a Non-Capital Offense Reason Ineffectiv[e]ness Assistance of Counsel with Indictment of Confinement." (Doc. 4). The Supplemented Petition is signed by Brown and Elbey but is not signed by Drane. (*Id.* at PageID 38). The Supplemented Petition states that it relates to pending criminal charges against Drane in this Court (S.D. Ohio Case No. 3:24-cr-43).

## FAILURE TO PROSECUTE

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Similarly, Rule 2(c)(5) of the Rules Governing § 2254

2

Petitions requires that the petition be "signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242." [1]

Because Drane has not signed the petition, and more than thirty days have passed since the Court's July 29, 2024 Order directing her to do so, and because no showing has been made that Drane is unable to do so, this case should be dismissed for want of prosecution. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962) (district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). *See also* Fed. R. Civ. P. 41(b).

Brown and Elbey are not authorized to proceed on Drane's behalf. They acknowledge that neither of them is an attorney licensed to practice law in this Court. (Doc. 4 at PageID 20). The undersigned further finds that they do not meet the requirements for "next friend" status:

> [T]o act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on [her] own behalf due to 'inaccessibility, mental incompetence, or other disability' and that the next friend is 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate.'"

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-4 (1990)). Brown argues that Drane is unable to prosecute this petition on her own behalf because she "has no access to books, case laws [sic] and for sure has no education or knowledge dealing with the situation presented against her and her trial counsel has turned against her." (Doc. 4 at PageID 25). The fact that Drane is incarcerated, with limited or no access to legal materials, does not suffice to establish next friend status. *Williamson v. Wakefield,* No.

---

[1] The § 2254 Rules apply to habeas petitions under 28 U.S.C. § 2241. (Rule 1(b), § 2254 Rules.) Rule 12 of the § 2254 Rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

3

3:23-CV-P339, 2023 WL 7399128, at *2 (W.D. Ky. Oct. 3, 2023) ("Cox's main argument seems to be that Petitioner is inaccessible because he is incarcerated and 'has restricted access to legal documents.' However, the fact of incarceration itself is insufficient to show that a petitioner is inaccessible."); *Washington v. Neil*, No. 1:18CV00589, 2019 WL 4743666, at *2 (S.D. Ohio Sept. 30, 2019) (prisoner's lack of legal knowledge insufficient to establish next friend standing) (citing *Pinkston v. Smith*, No. 3:15cv786-CWR-MTP, 2015 WL 7289501, at *2 (S.D. Miss. Nov. 17, 2015) (allegations by petitioner's brother that petitioner was blocked from law library and had his papers stolen insufficient to establish next friend standing)).

Although Brown has submitted a power of attorney (*see* Doc. 1 at PageID 9-12),[2] it does not authorize her to proceed on Drane's behalf absent a showing that Brown is entitled to next friend status. *Williamson*, 2023 WL 7399128, at *2 (citing cases).

The Court also notes that when Elbey filed the instant habeas petition, he violated this Court's Order issued in *State of Ohio v. Larry Ealy*, S.D. Ohio Case No. 1:09-cv-245 (Doc. 3). As this Court explained in the later-filed case of *Olakwesu Y. Elbey v. Henderson*, No. 3:10-cv-143 (S.D. Ohio Apr. 20, 2010) (Doc. 7), Elbey

> is also known as Larry E. Ealy, a frequent litigator in this Court with a penchant for filing frivolous cases. Regardless of the name he goes by, Elbey or Ealy or any other name, Ealy is subject to a prior Order issued by Chief District Judge Susan J. Dlott. The Order states in part:
>
> > Given Mr. Ealy's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding in forma pauperis in any future action filed in this Court and from filing any

---

[2] The Court notes that the power of attorney in this case only expressly authorizes Brown to handle "legal or related actions regarding [Drane's] personal real estate or property holdings before any Court of Claims in the United States or elsewhere." (Doc. 1 at PageID10).

4

> new complaint, removal petition, habeas corpus petition, and/or other action without the prior approval of the Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Mr. Ealy, but does impose financial consequences designed to compel Mr. Ealy to seriously consider what he is doing before initiating yet another lawsuit.
>
> *State of Ohio v. Larry E. Ealy*, 2009 WL 1118704 at *5 (S.D. Ohio, April 24, 2009) (Dlott, Chief D.J.).
>
> In the event Ealy wants to file a new action in this Court, Judge Dlott's Order specifically requires him, in part, to attach a copy of Judge Dlott's Order to his new pleading and to also file a "motion for leave to file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio." *Id*. at *6. The Order directed the Clerk of Court "to reject any complaint, removal petition, habeas corpus petition, and/or other action from Mr. Ealy unless he complies with the Court's instructions." *Id.*

*Elbey*, Case No. 3:10-cv-143 (Doc. 7). Because Elbey violated Judge Dlott's Order by failing to follow these requirements when he initiated this case, he is barred from bringing this case on Drane's behalf.

For the foregoing reasons, and because Drane failed to comply with the Deficiency Order issued on July 29, 2024, it is **RECOMMENDED** that this matter be **DISMISSED without prejudice** for failure to prosecute.

## FAILURE TO EXHAUST

This case should also be dismissed without prejudice because it is premature. The basis of Drane's § 2241 petition is the alleged ineffective assistance of counsel. More specifically, the petition asserts that defense counsel has "not explained the nature of the charges," "has gone on vacation," has failed to explain why Drane "has been remanded to undue confinement," "is under the State's control and jurisdiction and not his client's," and has generally failed to act in Drane's best interests. (Doc. 1, at PageID 2-3, 6-7; Doc. 4, at PageID 25, 34). For relief, the petition

5

requests that Drane be "release[d] . . . at once . . . in order to allow her to face the criminal charges that have been lodged against her." (Doc. 1, at PageID 8; Doc. 4, at PageID 38).

"[A] habeas petition brought under 28 U.S.C. § 2241 . . . is not an appropriate avenue for a federal pretrial detainee's complaints that [she] is being held in custody in violation of his constitutional trial rights." *Campbell v. Zych*, No. CIV. 08-14804, 2009 WL 377081, at *1 (E.D. Mich. Feb. 11, 2009) (citing *Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981)). *See also Ferguson v. Gilliam*, No. 91-5814, 1991 WL 206516, at *1 (6th Cir. 1991) ("[T]he habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution."). A petitioner who raises issues that "may be resolved in the pending criminal process or on appeal . . . must exhaust [her] claims at trial and on direct appeal before [she] can maintain a habeas action." *Campbell*, 2009 WL 377081, at *2. Drane's federal criminal case remains pending. Therefore, her ineffective assistance of counsel claim is unexhausted, which warrants dismissal of the petition (Doc. 1), as supplemented (Doc. 4), without prejudice. *See* Rule 4 of the Rules Governing § 2254 Petitions.

## CONCLUSION

Because Drane has failed to comply with the Deficiency Order issued on July 29, 2024 (Doc. 3) and no showing has been made that she was unable to do so, and because the claims in the petition remain unexhausted, it is **RECOMMENDED** that this matter be **DISMISSED without prejudice** for failure to prosecute and as premature. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

September 18, 2024  /s/ Caroline H. Gentry
Date  CAROLINE H. GENTRY
 United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).